Irene Karbelashvili, State Bar Number 232223
Law Office of Irene Karbelashvili
12 South First Street, Suite 413
San Jose, CA 95113
Telephone: (408) 295-0137
Fax: (408) 295-0142

Kenneth J. Pinto, State Bar Number 221422
Law Office of Kenneth J. Pinto
12 South First Street, Suite 713
San Jose, CA 95113
Telephone: (408) 289-1765
Fax: (408) 289-1754

Attorneys for RICHARD JOHNSON, Plaintiff

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| RICHARD JOHNSON,<br>    Plaintiff,<br><br>vs.<br><br>CRAIG LING, an individual; JANEBOY, INC., a California corporation, collectively d/b/a SANDBAR & GRILL; and DOES 1-20 inclusive,<br>    Defendants. | Case No.<br><br>***Civil Rights***<br><br>**COMPLAINT FOR PRELIMINARY AND PERMANENT INJUNCTIVE RELIEF AND DAMAGES: DENIAL OF CIVIL RIGHTS AND ACCESS TO PUBLIC FACILITIES TO PHYSICALLY DISABLED PERSONS, PER FEDERAL AND CALIFORNIA STATUTES (INCLUDING CIVIL CODE §§ 51, 52, 54, 54.1, 54.3, AND § 55; AND HEALTH & SAFETY CODE §§ 19955 ET SEQ.); INJUNCTIVE RELIEF PER TITLE III, AMERICANS WITH DISABILITIES ACT OF 1990** |

Complaint for Preliminary and Permanent Injunctive Relief and Damages: Denial of Civil Rights and Access to Public Facilities to Physically Disabled Persons, Per Federal and California Statutes (Including Civil Code §§ 51, 52, 54, 54.1, 54.3, and § 55; and Health & Safety Code §§ 19955 et seq.); Injunctive Relief Per Title III, Americans with Disabilities Act of 1990

Page 1 of 14

# I. SUMMARY

1. This is a civil rights action by Plaintiff Richard Johnson ("Johnson") for discrimination at the building, structure, facility, complex, property, land, development, and/or surrounding business complexes known as a Sandbar & Grill located at or around 2 Wharf 1, Monterey, CA 93940.

2. Pursuant to the Americans with Disabilities Act of 1990, (42 U.S.C. §§ 12101 *et seq.*), and related California statutes, Johnson seeks damages, injunctive and declaratory relief, and attorney fees and costs, against Craig Ling, an individual; Janeboy, Inc., a California corporation, collectively d/b/a Sandbar & Grill and DOES 1-20, inclusive.

3. The true names and capacities of Defendants DOES 1 through 20, inclusive, are unknown to Plaintiff who therefore sues said Defendants by such fictitious names. Plaintiff prays leave of Court to amend this Complaint to show such true names and capacities when the same have been ascertained.

4. Plaintiff is informed and believes that each of the Defendants, DOES 1 through 20 inclusive is the agent, ostensible agent, alter ego, master, servant, trustor, trustee, employer, employee, representative, franchiser, franchisee, lessor, lessee, joint venturer, parent, subsidiary, affiliate, related entity, partner, and/or associate, or such similar capacity, of each of the other Defendants, and was at all times acting and performing, or failing to act or perform, within the course and scope of such similar aforementioned capacities, and with the authorization, consent, permission or ratification of each of the other Defendants, and is personally responsible in some manner for the acts and omissions of the other Defendants in proximately causing the violations and damages complained of herein, and have participated,

Complaint for Preliminary and Permanent Injunctive Relief and Damages: Denial of Civil Rights and Access to Public Facilities to Physically Disabled Persons, Per Federal and California Statutes (Including Civil Code §§ 51, 52, 54, 54.1, 54.3, and § 55; and Health & Safety Code §§ 19955 et seq.); Injunctive Relief Per Title III, Americans with Disabilities Act of 1990

Page 2 of 14

directed, and have ostensibly and/or directly approved or ratified each of the acts or omissions of each of the other Defendants, as herein described.

## II. JURISDICTION

5. This Court has original jurisdiction under 28 U.S.C. §§ 1331 and 1343 for ADA claims.

6. Supplemental jurisdiction for claims brought under parallel California law, arising from the same nucleus of operative facts, is predicated on 28 U.S.C. §1367.

7. Johnson's claims are authorized by 28 U.S.C. §§ 2201 and 2202.

## III. VENUE

8. All actions complained of herein take place within the jurisdiction of the United States District Court, Northern District of California, and venue is invoked pursuant to 28 U.S.C. § 1391(b), (c).

## IV. PARTIES

9. Craig Ling, an individual; Janeboy, Inc., a California corporation, collectively d/b/a Sandbar & Grill and DOES 1-20, inclusive (hereinafter alternatively collectively referred to as "Defendants") own, operate, manage, and/or lease Sandbar & Grill ("Restaurant"), located at or about 2 Wharf 1, Monterey, CA 93940.

10. Johnson was in a motorcycle accident that left him paralyzed from the waist down. Consequently, Johnson is physically disabled as defined by Department of Justice regulation 28 C.F.R. §36.104 and California Government Code § 12926, and a member of the public

whose rights are protected by these laws. Johnson requires the use of a wheelchair for mobility. Johnson possesses a DMV issued disabled parking placard and is entitled to park in disabled accessible parking spaces, including van accessible parking spaces, and to travel on and along public paths of travel between such parking facilities and areas to which the general public is invited. Johnson is also entitled to fully accessible facilities within the public areas of the Restaurant. Johnson is, and at all times relevant hereto was, a resident of California.

## V. FACTS

11. The Restaurant with all its facilities is a restaurant, bar, or other establishment serving food or drink as defined under Title III of the ADA, 42 U.S.C. § 121817(B), and California civil rights laws. Cal. Civ. Code § § 51 *et seq.*, and Health & Safety Code § 19955 *et seq*. The Restaurant is open to the public, is intended for nonresidential use and its operation affects commerce.

12. Johnson visited the Restaurant and encountered barriers (both physical and intangible) that interfered with, if not outright denied, his ability to use and enjoy the goods, services, privileges, and accommodations offered.

13. Prior to the accident that rendered him disabled, Johnson and his family dined frequently at the Restaurant and held numerous family reunions there. However, since his disability, Johnson has been unable to dine at the Restaurant due lack of wheelchair access because of the presence of steps from the Pier to the Restaurant entry door. Johnson's family was forced to look for other locations to hold their reunions.

14. On June 25th, 2014, Johnson's parents decided to go for lunch at the Restaurant and

Complaint for Preliminary and Permanent Injunctive Relief and Damages: Denial of Civil Rights and Access to Public Facilities to Physically Disabled Persons, Per Federal and California Statutes (Including Civil Code §§ 51, 52, 54, 54.1, 54.3, and § 55; and Health & Safety Code §§ 19955 et seq.); Injunctive Relief Per Title III, Americans with Disabilities Act of 1990
Page 4 of 14

invited Johnson to join them. Johnson was forced to decline because Defendants had yet to provide an accessible entry to the Restaurant.

15. To the extent known by Johnson, the barriers at the Restaurant included, but are not limited to, the following:

- No access from the Pier to the Restaurant (required to go down steps to reach Restaurant door);
- No ADA seating at the bar;
- No 80 inch minimum clear head space at the bar;
- Main door has no clear space to pull and is blocked by a cabinet;
- Main door does not provide 10 inch clearance at the bottom;
- Railing on outside steps does not extend to the bottom;
- Railing at steps extends only from one side at the top;
- Main door closes fast;
- No signs for any alternative service;
- Main door is heavy to operate;
- No ADA tables within the Restaurant;
- No clear path of travel to the restroom;
- Restroom door is less than 32 inches wide;
- Bathroom mirror is high;
- Paper towels in restroom are high;
- No transfer space next to wash closet;
- No grab bars;

- No knee space at sink;
- Toilet paper in wrong location;
- Slope at restroom door;
- Soap dispenser high.
- Seat cover dispenser cover high; and
- Seat cover dispenser blocked.

These barriers prevented Johnson from enjoying full and equal access at the Restaurant and make him feel like a second class citizen.

16. These barriers to access are listed without prejudice to plaintiff citing additional barriers to access after inspection by plaintiff's access consultant, per the 9th Circuit's standing standards under *Doran v. 7-Eleven, Inc.* 524 F.3d 1034 (9th Cir. 2008), *Chapman v. Pier One Imports (USA), Inc.*, 631 F.3d 939 (9th Cir. 2011), and the General Order 56 requirements for Northern District of California "ADA" Title III cases. All of these barriers to access render the premises inaccessible to and unusable by physically disabled persons. All facilities must be brought into compliance with all applicable federal and state code requirements, according to proof.

17. Johnson was also deterred from visiting the Restaurant because he knew that the Restaurant's goods, services, facilities, privileges, advantages, and accommodations were unavailable to physically disabled patrons such as himself. He continues to be deterred from visiting the Restaurant because of the future threats of injury created by these barriers.

18. Johnson also encountered barriers at the Restaurant which violate state and federal law, but were unrelated to his disability. Nothing within this complaint, however, should be

construed as an allegation that Johnson is seeking to remove barriers unrelated to his disability.

19. Defendants knew that these elements and areas of the Restaurant were inaccessible, violate state and federal law, and interfere with or deny access to the physically disabled. Moreover, Defendants have the financial resources to remove these barriers from the Restaurant without much difficulty or expense, and make the Restaurant accessible to the physically disabled. To date, however, Defendants refuse to either remove those barriers or seek an unreasonable hardship exemption to excuse non-compliance.

20. At all relevant times, Defendants have possessed and enjoyed sufficient control and authority to modify the Restaurant to remove impediments to wheelchair access and to comply with the Americans with Disabilities Act Accessibility Guidelines and Title 24 regulations. Defendants have not removed such impediments and have not modified the Restaurant to conform to accessibility standards. Defendants have intentionally maintained the Restaurant in its current condition and have intentionally refrained from altering the Restaurant so that it complies with the accessibility standards.

21. Johnson further alleges that the continued presence of barriers at the Restaurant is so obvious as to establish Defendants' discriminatory intent. On information and belief, Johnson avers that evidence of the discriminatory intent includes Defendants' refusal to adhere to relevant building standards; disregard for the building plans and permits issued for the Restaurant and its facilities; conscientious decision to the architectural layout as it currently exists at the Restaurant; decision not to remove barriers from the Restaurant; and allowance that the Restaurant continues to exist in its non-compliant state. Johnson further alleges, on information and belief, that Defendants is not in the midst of a remodel, and that the barriers

---

Complaint for Preliminary and Permanent Injunctive Relief and Damages: Denial of Civil Rights and Access to Public Facilities to Physically Disabled Persons, Per Federal and California Statutes (Including Civil Code §§ 51, 52, 54, 54.1, 54.3, and § 55; and Health & Safety Code §§ 19955 et seq.); Injunctive Relief Per Title III, Americans with Disabilities Act of 1990

Page 7 of 14

present at the Restaurant are not isolated or temporary interruptions in access due to maintenance or repairs.

## VI. FIRST CLAIM
### Americans with Disabilities Act of 1990
### (TITLE III USC §12101 *et seq.*)

### Denial of "Full and Equal" Enjoyment and Use

22. Johnson repleads and incorporates by reference, as if fully set forth again herein, the allegations contained in Paragraphs 1 through 21 of this Complaint, and incorporates them herein as if separately repled.

23. Title III of the ADA holds as a "general rule" that no individual shall be discriminated against on the basis of disability in the full and equal enjoyment or use of goods, services, facilities, privileges, and accommodations offered by any person who owns, operates, or leases a place of public accommodation. 42 U.S.C. § 12182(a).

24. Defendants discriminated against Johnson by denying "full and equal enjoyment" and use of the goods, services, facilities, privileges or accommodations of the Restaurant during each visit and each incident of deterrence.

### Failure to Remove Architectural Barriers in an Existing Facility

25. The ADA specifically prohibits failing to remove architectural barriers, which are structural in nature, in existing facilities where such removal is readily achievable. 42 U.S.C. § 12182(b)(2)(A)(iv). The term "readily achievable" is defined as "easily accomplishable and able to be carried out without much difficulty or expense." *Id.* § 12181(9).

Complaint for Preliminary and Permanent Injunctive Relief and Damages: Denial of Civil Rights and Access to Public Facilities to Physically Disabled Persons, Per Federal and California Statutes (Including Civil Code §§ 51, 52, 54, 54.1, 54.3, and § 55; and Health & Safety Code §§ 19955 et seq.); Injunctive Relief Per Title III, Americans with Disabilities Act of 1990

Page 8 of 14

26. When an entity can demonstrate that removal of a barrier is not readily achievable, a failure to make goods, services, facilities, or accommodations available through alternative methods is also specifically prohibited if these methods are readily achievable. *Id.* § 12182(b)(2)(A)(v).

27. Here, Johnson alleges that Defendants can easily remove the architectural barriers at the Restaurant without much difficulty or expense, and that Defendants violated the ADA by failing to remove those barriers, when it was readily achievable to do so.

28. In the alternative, if it was not "readily achievable" for Defendants to remove the Restaurant's barriers, then Defendants violated the ADA by failing to make the required services available through alternative methods, which are readily achievable.

### Failure to Design and Construct an Accessible Facility

29. On information and belief, the Restaurant was designed or constructed or both after January 26, 1992 independently triggering access requirements under Title III of the ADA.

30. The ADA also prohibits designing and constructing facilities for first occupancy after January 26, 1993, that aren't readily accessible to, and usable by, individuals with disabilities when it was structurally practicable to do so. 42 U.S.C. § 12183(a)(1).

31. Here, Defendants violated the ADA by designing or constructing or both the Restaurant in a manner that was not readily accessible to the physically disabled public, including Johnson, when it was structurally practical to do so.

### Failure to Make an Altered Facility Accessible

32. On information and belief, the Restaurant was modified after January 26, 1992, independently triggering access requirements under the ADA.

33. The ADA also requires that facilities altered in a manner that affects (or could affect) its usability must be made readily accessible to individuals with disabilities to the maximum extent feasible. 42 U.S.C. § 12183(a)(2). Altering an area that contains a facility's primary function also requires adding making the paths of travel, bathrooms, telephones, and drinking fountains serving that area accessible to the maximum extent feasible. *Id.*

34. Here, Defendants altered the Restaurant in a manner that violated the ADA and was not readily accessible to the physically disabled public, including Johnson, to the maximum extent feasible.

### Failure to Modify Existing Policies and Procedures

35. The ADA also requires reasonable modifications in policies, practices, or procedures, when necessary to afford such goods, services, facilities, or accommodations to individuals with disabilities, unless the entity can demonstrate that making such modifications would fundamentally alter their nature. 42 U.S.C. § 12182(b)(2)(A)(ii).

36. Here, Defendants violated the ADA by failing to make reasonable modifications in policies, practices, or procedures at the Restaurant, when these modifications were necessary to afford and would not fundamentally alter the nature of these goods, services, facilities, or accommodations.

37. Johnson seeks all relief available under the ADA *i.e.*, injunctive relief, attorney fees,

Complaint for Preliminary and Permanent Injunctive Relief and Damages: Denial of Civil Rights and Access to Public Facilities to Physically Disabled Persons, Per Federal and California Statutes (Including Civil Code §§ 51, 52, 54, 54.1, 54.3, and § 55; and Health & Safety Code §§ 19955 et seq.); Injunctive Relief Per Title III, Americans with Disabilities Act of 1990

Page 10 of 14

costs, legal expense for these aforementioned violations. 42 U.S.C. § 12205.

38. Johnson also seeks a finding from this Court *i.e.*, declaratory relief that Defendants violated the ADA in order to pursue damages under California's Unruh Civil Rights Act or Disabled Persons Act.

## VII. SECOND CLAIM
### Disabled Persons Act
### (California Civil Code § 54 *et seq.*)

39. Johnson repleads and incorporates by reference, as if fully set forth again herein, the allegations contained in Paragraphs 1 through 21 of this Complaint, and incorporates them herein as if separately repled.

40. The Restaurant is a place of public accommodation and/or places to which the general public is invited and, as such, they are obligated to comply with the provisions of the California Disabled Persons Act ("CDPA"), California Civil Code § 54 *et seq.*

41. The CDPA guarantees, inter alia, that persons with disabilities have the same right as the general public to the full and free use of the streets, highways, sidewalks, walkways, public buildings, public facilities, and other public places. California Civil Code § 54.

42. The CDPA also guarantees, inter alia, that persons with disabilities are entitled to full and equal access, as other members of the general public, to accommodations, advantages, facilities, and privileges of covered entities. California Civil Code § 54.1(a)(1).

43. The CDPA also provides that a violation of the ADA is *a per se* violation of CDPA, California Civil Code § 54.1(d).

44. Defendants have violated the CDPA by, inter alia, denying and/or interfering with

Plaintiff right to full and equal access as other members of the general public to the accommodations, advantages, and its related facilities due to his disability.

45. Pursuant to the remedies, procedures, and rights set forth in California Civil Code §§ 54.3 and 55, Plaintiff prays for judgment as set forth below.

## VIII. THIRD CLAIM
### Unruh Civil Rights Act
### (California Civil Code §51 *et seq.*)

46. Johnson repleads and incorporates by reference, as if fully set forth again herein, the allegations contained in Paragraphs 1 through 21 of this Complaint, and incorporates them herein as if separately repled.

47. The Restaurant is a business establishment and, as such, must comply with the provisions of the Unruh Act, California Civil Code § 51 *et seq.*

48. The Unruh Act guarantees, *inter alia*, that persons with disabilities are entitled to full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever within the jurisdiction of the State of California. California Civil Code § 51(b).

49. The Unruh Act also provides that a violation of the ADA, or of California state accessibility regulations, is a violation of the Unruh Act. California Civil Code § 51(f).

50. Defendants have violated the Unruh Act by, *inter alia*, denying, or aiding or inciting the denial of, Plaintiff's rights to full and equal use of the accommodations, advantages, facilities, privileges, or services offered at the Restaurant.

51. Defendants have also violated the Unruh Act by denying, or aiding or inciting the

Complaint for Preliminary and Permanent Injunctive Relief and Damages: Denial of Civil Rights and Access to Public Facilities to Physically Disabled Persons, Per Federal and California Statutes (Including Civil Code §§ 51, 52, 54, 54.1, 54.3, and § 55; and Health & Safety Code §§ 19955 et seq.); Injunctive Relief Per Title III, Americans with Disabilities Act of 1990

Page 12 of 14

denial of, Plaintiffs rights to equal access arising from the provisions of the California state accessibility regulations and the ADA.

52. Pursuant to the remedies, procedures, and rights set forth in California Civil Code §52, Plaintiff prays for judgment as set forth below.

## IX. FOURTH CLAIM
(California Health & Safety Code §§ 19955 *et seq.*)
Denial of Full and Equal Access to Public Facilities

53. Johnson repleads and incorporates by reference, as if fully set forth again herein, the allegations contained in Paragraphs 1 through 21 of this Complaint, and incorporates them herein as if separately repled.

54. Health and Safety Code § 19955(a) states, in part, that: California public accommodations or facilities built with private funds shall adhere to the provisions of Government Code § 4450.

55. Health and Safety Code § 19959 states, in part, that: Every existing (non-exempt) public accommodation constructed prior to July 1, 1970, which is altered or structurally repaired, is required to comply with this chapter.

56. Johnson alleges the Restaurant is a public accommodation constructed, altered, or repaired in a manner that violates Part 5.5 of the Health and Safety Code or Government Code § 4450 or both, and that the Restaurant was not exempt under Health and Safety Code § 19956.

57. Defendants' non-compliance with these requirements at the Restaurant aggrieved or potentially aggrieved Johnson and other persons with physical disabilities. Accordingly, he seeks injunctive relief and attorney fees pursuant to Health and Safety Code § 19953.

# X. PRAYER FOR RELIEF

WHEREFORE, Johnson prays judgment against Defendants for:

1. Injunctive relief, preventive relief, or any other relief the Court deems proper.

2. Declaratory relief that Defendants violated the ADA for the purposes of Unruh Act or Disabled Persons Act damages.

3. Statutory minimum damages under either sections 52(a) or 54.3(a) of the California Civil Code (but not both) according to proof.

4. Attorneys' fees, litigation expenses, and costs of suit.

5. Interest at the legal rate from the date of the filing of this action.


Dated:    October 28, 2014            /s/ Irene Karbelashvili
                                      Irene Karbelashvili, Attorney for Plaintiff
                                      RICHARD JOHNSON

## *DEMAND FOR JURY*

Plaintiff hereby demands a jury for all claims for which a jury is permitted.


Dated:    October 28, 2014            /s/ Irene Karbelashvili
                                      Irene Karbelashvili, Attorney for Plaintiff
                                      RICHARD JOHNSON

---

Complaint for Preliminary and Permanent Injunctive Relief and Damages: Denial of Civil Rights and Access to Public Facilities to Physically Disabled Persons, Per Federal and California Statutes (Including Civil Code §§ 51, 52, 54, 54.1, 54.3, and § 55; and Health & Safety Code §§ 19955 et seq.); Injunctive Relief Per Title III, Americans with Disabilities Act of 1990

Page 14 of 14